Mamlock vs. Fairbanks.

―――――――――

## MAMLOCK VS. FAIRBANKS.

SALE OF CHATTELS: *Fraudulent representations of vendor.*

A sale will not be set aside on the ground that it was procured by false and fraudulent representations of the vendor, if he believed the representations to be true, and the vendee had equal opportunity with him of ascertaining their falsity, or had the means of ascertaining it by the exercise of reasonable diligence, and was not prevented from doing so by any artifice of the vendor.

APPEAL from the Circuit Court for *Milwaukee* County. The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

The appeal was submitted on the brief of *Cotzhausen, Smith, Sylvester & Scheiber* for the appellant, and that of *R. N. Austin* for the respondent.

ORTON, J.   This action is brought to set aside the contract by which the plaintiff, by her agent, one Marcus Silber, purchased of the defendant a certain note and mortgage executed by one John F. Randall to one Joel E. Ackerman, and to recover back the purchase money therefor, on the ground of false and fraudulent representations made by the defendant to the agent, Silber, at the time of the purchase, as to the adequacy of the mortgage security, and as to the responsibility, identity and residence of the parties, which formed the inducement of the contract.

On the trial, the agent, Silber, testified that he did not rely upon the security of the mortgage, but upon the responsibility and credit of the parties; therefore the material ground of the action was the false statement by the defendant of the identity and residence of Randall and Ackerman. It appeared that the residence of both were stated in the formal parts of the mortgage, and a certificate of satisfaction accompanying the same, the former as being of the town of Lind, of the county of Waupaca, and the latter as being of the village of Waupun, Fond du Lac county; and that the mortgage was acknowledged by Randall and his wife in Waupaca county. It appeared, also, that at the time there was a man by the name of J. Randall residing in the county of Dodge, and a man by the name of J. Ackerman, a justice of the peace in said village of Waupun, both men of good credit and responsibility, and known to be so by the agent, Silber; that he supposed they were the parties to said note and mortgage; and that when he asked the defendant if they were the parties to the note and mortgage, the defendant replied that they were. And it further appeared that, at the time of the purchase, the agent, Silber, had the note and mortgage in his

hand, and opened the mortgage; that there was nothing to prevent him from examining the papers; that he could read the English language; and that his brother examined the mortgage.

It was claimed at the trial, for the defendant, that Silber had in his hands, at the time, the papers which showed the residence of both Randall and Ackerman, and therefore knew, or might have known, the truth or falsity of the statement of the defendant as to such residence, and did not rely, or ought not to have relied upon, and was not misled, or ought not to have been misled, by such statement. It was admitted that John F. Randall, the maker of the note and mortgage, was not said J. Randall of the county of Dodge, and did not reside in that county, and the said Joel E. Ackerman was not a justice of the peace in the village of Waupun. There seems to have been some evidence given upon the question as to whether the agent, Silber, knew, or had the present means of knowing, the truth or falsity of the statement of the defendant complained of; and we think there was at least sufficient evidence on that point to have been submitted to and considered by the jury. The present means of knowledge concerning the subject matter of the representations of the party complaining, and whether he knew or might or ought to have known the truth, aside from such representations, are always material questions in such a case, and cannot be ignored where there is any proper evidence upon which they can be raised. This doctrine is elementary, and within the principle and reasons of *caveat emptor* (Broom's Maxims, 617); and the rule was well stated by this court in *The State v. Green*, 7 Wis., 676, in respect to the crime of obtaining property by false pretenses, as the true rule in all cases of fraud by false representations, that it is not to be extended to the protection of those who, " having the means in their own hands, neglect to protect themselves." The rule as to personal property generally is equally applicable to the subject matter of the representations in this case, " that,

if the defects in the subject matter of sale are patent, or such as might or should be discerned by the exercise of ordinary vigilance, and the buyer has the opportunity of inspecting it, the law does not require the seller to aid and assist the observation of the purchaser." Kerr on Fraud and Mistake, 101. " The law requires men, in their dealings with each other, to exercise proper vigilance, and apply their attention to those particulars which may be supposed to be within reach of their observation and judgment, and ' not close their eyes to the means of information which are accessible to them." *Vigilantibus non dormientibus jura subveniunt.* This principle is so universally recognized by the authorities, that it needs no further reference.    But, at the same time, there is another and concomitant principle to be considered in all such cases, and that is, that the seller must not use any art, or practice any artifice, to conceal defects, or make any representations, or do any act, to throw the purchaser off his guard, or to divert his eye, or to obscure his observation, or to prevent his use of any present means of information.    Kerr on Fraud and Mistake, 98.

In this case there was no general verdict for the plaintiff, but the verdict consists of the answers of the jury to certain special questions of fact, none of which embrace this indispensable element or principle, without which the findings are incomplete and insufficient to warrant the legal conclusion of the judgment.    For these findings may all be correct, and yet the plaintiff not be entitled to recover, by reason of her having had the present means of knowing that the representations upon which she claims to have relied, were false.    There was evidence on the trial, which not only warranted, but, we think, required, that this specific question should have been considered and answered by the jury.    But the learned counsel of the appellant did ask the court to submit to the jury this question, in the following instructions, which were refused: " The plaintiff cannot, under the evidence, recover in this

action, if, by the exercise of diligence at the time and place of said representations, she might have discovered that they were incorrect." " The plaintiff cannot recover in this action, if the defendant believed that the statements alleged to have been made were true, and if the plaintiff had an equal opportunity of ascertaining their truth or falsity." These instructions contain a substantial expression of the rule above considered, and should have been given, and with them the qualification, " unless prevented from the discovery of the truth by the artifice of the defendant." Then the whole case would have been covered and disposed of by the verdict.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.