### KAHN vs. ANGUS and another.

*September 30 — October 14, 1884.*

*Attachment: Debt fraudulently contracted: Evidence.*

Upon the evidence an attachment is sustained on the ground that the defendants fraudulently contracted the debt, obtaining credit through a false statement by one of them as to the property owned by him.

APPEAL from the Circuit Court for *Ashland* County.

The facts are stated in the opinion.

For the appellants there was a brief by *Knight & Hayes,* and oral argument by *Mr. J. O. Hayes.*

For the respondent there was a brief by *Miles & Gleason,* and oral argument by *Mr. Miles.*

TAYLOR, J.   This is an appeal from an order of the circuit court, sustaining an attachment of the property of the appellants upon a traverse of the affidavit upon which the attachment was issued.   One of the grounds for issuing the

attachment set out in the affidavit was the allegation that the debt for the recovery of which the action was brought was fraudulently contracted by the defendants. The only ground for sustaining the attachment relied upon by the respondent was the allegation in the affidavit " that the defendants fraudulently contracted the debt or incurred the obligation respecting which the action was brought." Upon the trial of the traverse of this allegation by the circuit court, that court found that the allegation was true, and therefore sustained the attachment. Upon the appeal from the judgment of the circuit court the appellant alleges as error that there is not sufficient evidence in the case to sustain the allegation. The appeal presents a mere question of fact upon the evidence.

The evidence produced on the trial of the issue shows that the agent of the respondent, before making sale of the goods to the defendants and appellants, to recover the value of which the action is brought, required the appellant *A. J. Angus*, who was supposed to have some property, to make a written statement as to the property he then owned. It was understood that the other defendant had no property of any considerable amount. *Angus* made such statement, and delivered it to the plaintiff's agent, for the purpose of obtaining credit for the goods he purchased; and the goods were sold upon credit, in reliance upon the truth of such statement. Upon the trial the statement was shown to be incorrect, if not wilfully false, in almost every particular, by the testimony of *Angus* himself. He claims that the apparent falsity of the statement occurred through his mistakes, or misapprehension of what was required of him, and that his mistake as to the value and location of the lands claimed to be owned by him was simply a mistake, and not an intentional misrepresentation.

We think the proof shows such a disregard of the real facts in regard to the nature and character of his property

that it would be a great stretch of charity to judicially determine that the discrepancies between the real facts and those alleged to be facts in the written statement were all the result of innocent mistakes. In his statement he says he owns eighty acres of land in Bayfield, town 46, range 3 W.; value of timber, $9,000; land as it stands worth $75 per acre. On the trial it appeared he had a patent for eighty acres in Ashland, on the Indian reservation, which he held by patent from the United States in right of his Indian wife, and which he could not alienate except with the express assent of the president of the United States, and which was not, in fact, worth one half of $9,000, if he had had the right to control it absolutely. Again, he says he has five teams, worth $250, when in fact he owned only three horses. Again, he says in his statement he owns "twelve acres of land in Bayfield county, used as a summer resort, with boats and camp outfit, valued at $600. Incumbrance on outfit, $250." On the trial it appeared that he did not own the twelve acres, or any part of it, or any interest in it. If the defendant intended to make a true statement of the value of his property and of what it consisted, he was certainly very unfortunate in his endeavor.

Upon the whole evidence we are compelled to agree with the learned circuit judge that the defendant was guilty of a fraud in making the representations he did to obtain credit for his purchases, and that the attachment was properly sustained.

*By the Court.*— The order of the circuit court is affirmed.