Mosher, Appellant, vs. Post, Respondent.

*February 7 — March 5, 1895.*

*Deceit: Statements as to value of stock of goods and amount of daily sales: Evidence.*

1. A statement by the seller of goods as to their value is not a basis for an action by the buyer for deceit, even if they were worth much less, where the buyer had an opportunity to examine them.
2. A statement by the seller of a stock of second-hand goods as to the amount of his daily sales is not proved to have been false by the fact that the sales made by the purchaser of the stock were much less; nor can such statement be held to be a warranty that the purchaser could make similar large sales.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. Gilson, Circuit Judge. *Affirmed.*

This is an action for damages for deceit in an exchange

of a farm for a stock of merchandise. The plaintiff owned a farm. The defendant owned a stock of second-hand, miscellaneous, misfit merchandise. The plaintiff proposed a trade. Defendant asked, "How much is your farm worth?" Plaintiff said, "$7,000." Plaintiff asked, "What is your stock worth?" Defendant said, "$7,000." Plaintiff asked, "What do your daily sales amount to?" Defendant said, "$25 to $100 per day."

At the close of plaintiff's testimony the defendant moved for a nonsuit, which was denied. There was a special verdict. The jury found that the plaintiff's farm was worth $6,000; that the stock of goods was worth $950; that the defendant's representation of the value of his stock was fraudulent; that the plaintiff relied upon and was deceived by it; that the defendant was ignorant of the value of the goods and could not have ascertained it before making the trade; that the defendant's statement of the amount of his daily sales was false and made to deceive; that it did deceive the plaintiff. There was no substantial evidence showing that the defendant's sales had been less than he represented them, except as that should be inferred from the fact that plaintiff's sales, after he came into possession, were less. The court gave judgment on the special verdict in favor of the defendant. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Phelps & Watson,* and oral argument by *J. W. Watson.* They contended, *inter alia,* that the representations found by the jury to have been fraudulently made by the defendant are sufficient upon which to base an action of deceit. *Smith v. Mariner,* 5 Wis. 551; *Miner v. Medbury,* 6 id. 295; *Kelley v. Sheldon,* 8 id. 258; *McClellan v. Scott,* 24 id. 86; *Birdsey v. Butterfield,* 34 id. 52; *Law v. Grant,* 37 id. 548; *Cotzhausen v. Simon,* 47 id. 103; *Simmons v. Aldrich,* 41 id. 241; *Sleep v. Heymann,* 57 id. 495; *Middleton v. Jerdee,* 73 id. 39; *Paetz v. Stoppleman,* 75 id. 510; *Schumaker v. Mather,* 133 N. Y. 590. Where

the parties stand on unequal footing, and the one making the representations is an expert in the matter at hand or has means of knowledge not open to the other, such representations, if false, will be fraudulent in many cases in which there would be no actionable fraud if the parties stood on the same footing. 8 Am. & Eng. Ency. of Law, 644, and cases cited; *Vernon v. Keys,* 12 East, 632; *Schumaker v. Mather,* 133 N. Y. 590; *Powell v. Flechter,* 18 N. Y. Supp. 451; *S. C.* 19 id. 911; *Kost v. Bender,* 25 Mich. 515; *McGar v. Williams,* 26 Ala. 469; *East v. Worthington,* 88 id. 537; *Barber v. Kilbourn,* 16 Wis. 490; 2 Kent, Comm. 486; *Dresser v. Ainsworth,* 9 Barb. 619; *Brown v. Montgomery,* 20 N. Y. 287; *McClellan v. Scott,* 24 Wis. 81. An intentional false statement as to value is actionable " where one is purchasing goods, the value of which can only be known to experts, and is relying upon the vendor, who is a dealer in such goods, to give him accurate information concerning them." Cooley, Torts, 484. And although an expression of opinion as to value is not actionable, it is otherwise of representations as to facts on which the value is based. *Schwenk v. Naylor,* 102 N. Y. 683; *Miller v. Barber,* 66 id. 558, 567; *Ellis v. Andrews,* 56 id. 83, 86; *Hickey v. Morrell,* 102 id. 454; *Manning v. Albee,* 11 Allen, 520; *State v. Hefner,* 84 N. C. 751; *State v. Tomlin,* 29 N. J. Law, 13; *Bradley v. Luce,* 99 Ill. 234; *McAleer v. Horsey,* 35 Md. 439; *Powell v. Flechter,* 18 N. Y. Supp. 451. The plaintiff in the case before us was a farmer and always had been. He was utterly ignorant of second-hand goods and their value, and of the daily receipts from such a business. The defendant was to his knowledge a dealer and expert in buying and selling such goods, and familiar with their value. His assurances and representations both as to the value and as to the daily receipts were false and fraudulent. The plaintiff bought in reliance upon them, and in consequence sustained the damage for which he seeks to recover.

For the respondent there was a brief signed by *Edward S. Bragg*, of counsel, and oral argument by *Maurice Mc-Kenna* and *Mr. Bragg*. To the point that the representations found by the jury would not sustain an action for deceit, they cited *Harvey v. Young*, Yelverton, 21; *Van Epps v. Harrison*, 5 Hill, 69; *Ellis v. Andrews*, 56 N. Y. 85, 86; *Medbury v. Watson*, 6 Met. 259, 260; *Veasey v. Doton*, 3 Allen, 380; *Hemmer v. Cooper*, 8 id. 334; *Reynolds v. Palmer*, 21 Fed. Rep. 434, 435; *Gordon v. Butler*, 105 U. S. 557; *Holbrook v. Connor*, 60 Me. 578; *Taylor v. Saurman*, 110 Pa. St. 3; *Brown v. Leach*, 107 Mass. 364.

NEWMAN, J. The plaintiff's right to recover is rested upon the falsity of two representations which the defendant is found by the jury to have made respecting the goods which he exchanged with the plaintiff for his farm. These are: (1) That the goods were worth $7,000, and (2) that defendant's daily sales amounted to from $25 to $100. The jury found that both representations were made and that both were false. The representation of value was sufficiently proved. Whether it was false is not so clear. But it is not material. It was a mere seller's statement, and furnishes no ground for an action for damages. The value of property is a matter of opinion and judgment, about which men differ. A certain liberty is given the seller in the appraisement of his property. If, having opportunity to examine the property, the purchaser sees fit to rely upon the seller's statements, it is his own folly. " It is settled that the law does not exact good faith from the seller in the vague commendation of his wares, which manifestly are open to differences of opinion, which do not imply undue assertions concerning matters of direct observation, and as to which it has been understood, the world over, that such statements are to be distrusted." *Deming v. Darling*, 148 Mass. 504; *Poland v. Brownell*, 131 Mass. 138; *Homer v. Perkins*, 124 Mass. 431;

*Gordon v. Butler*, 105 U. S. 553; *Van Epps v. Harrison*, 5 Hill, 69; *Ellis v. Andrews*, 56 N. Y. 85; *Chrysler v. Canaday*, 90 N. Y. 272. Not even a great disparity in value is evidence of fraud where the buyer has opportunity to examine. *Wood v. Boynton*, 64 Wis. 265; *Prince v. Overholser*, 75 Wis. 646.

The same rule seems to apply to representations regarding the amount of current sales, where the buyer has the opportunity to examine the seller's books. *Poland v. Brownell*, 131 Mass. 138. It does not appear that the plaintiff had such an opportunity. The representation relates to past facts. It might naturally constitute some element in forming the judgment of the buyer as to the desirableness of the goods and the expediency of entering upon the new business. It might form the basis of an action for deceit if it was untrue. The burden of proving it to be false is upon the plaintiff. Its falsity cannot be inferred from the fact alone that the plaintiff's sales were much smaller than the defendant's represented sales, for it might well happen that the sales of an adept in selling second-hand, misfit goods should many times exceed the sales of one who was ignorant and inexperienced in the business. There was no sufficient evidence that this representation was false. Nor could it be held to be a warranty that the plaintiff could make similar large sales.

The first representation relied on could not be the basis of an action for deceit. The falsity of the second representation was not proved. The motion for a nonsuit should have been granted. The judgment which was entered upon the verdict arrives at substantially the same result.

*By the Court.*— The judgment of the circuit court is affirmed.