### Emile E. Strubhar v. William T. Shorthose.

1. Vendor and Vendee—*Seller's Statements—When Not Fraudulent.*—Statements made by a vendor to his vendee as to the value of property, when selling the same, where no confidential relations exist between them and the property can be seen and inspected by the vendee, are considered as mere seller's statements, and furnish no ground for an action for damages, as such statements do not relieve the vendee from the responsibility of investigating for himself before purchasing.

**Action for Fraud and Deceit.**—Trial in the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Judgment in bar for defendant on demurrer to declaration. Error by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

Welty & Sterling, attorneys for plaintiff in error.

Sample & Morrissey and L. C. Hay, attorneys for defendant in error.

Mr. Justice Burroughs delivered the opinion of the court.

The plaintiff, Strubhar, sued the defendant, Shorthose, in the Circuit Court of McLean County, in an action on the case, to recover damages for alleged fraud and deceit of the latter to the former in the trade of a stock of goods and fixtures for a farm of eighty acres. The fraud relied on was a false representation as to the goods and fixtures. The amended declaration charged that the defendant represented

Strubhar v. Shorthose.

to the plaintiff that he knew the amount of the goods and fixtures, and the goods would invoice at wholesale price $6,000, and the fixtures $1,800, and that they cost him that; that the plaintiff requested the defendant to make an invoice of the goods and fixtures but he refused, because, he said, he knew what they would invoice. It then alleged those were false statements on which the plaintiff relied in trading his farm for the goods and fixtures, and that the goods and fixtures would only invoice $2,000, the fixtures only $500, and that the defendant paid only $500 for the fixtures. To this amended declaration the defendant interposed a demurrer, which was sustained by the Circuit Court; the plaintiff elected to stand by his declaration as amended and the court gave judgment in bar of the action.

The plaintiff brings the case to this court by writ of error and insists upon a reversal of the judgment against him on the ground that his amended declaration discloses a good cause of action. The plaintiff in error contends that the representations of the defendant, as set out in his amended declaration, are as to the *quantity* of goods and fixtures traded for; while the defendant in error insists the representations are as to the *value* of the same.

When carefully examined the representations made, as set out in the amended declaration were, that the defendant knew what his stock of goods and fixtures would invoice, and that the goods would invoice $6,000, and the fixtures $1,800; in other words, the value of the goods as a whole was $6,000, and of the fixtures, $1,800.

Statements made by a vendor to his vendee as to the value of his property, when selling the same, where no confidential relations exist between them, and the property to be sold can be seen and inspected by the vendee, are considered as mere seller's statements and furnish no ground for an action for damages, as such statements do not relieve the vendee from the responsibility of investigating for himself into the true value of the property before purchasing it. Noetling v. Wright, 72 Ill. 390; Van Horn v. Keenan, 28 Ill. 448; Miller v. Craig, 36 Ill. 111; Tuck v. Downing, 76 Ill. 91, and Mosher v. Post, 89 Wis. 602.

The remaining averment in the amended declaration that the plaintiff requested the defendant to invoice the goods and fixtures, but he would not for the reason he knew what they would invoice, was only such a persuasive and emphatic statement of his opinion of the value of his goods and fixtures as the law permits a seller to make, and the purchaser should not rely thereon, knowing the antagonistic relation the seller sustains to him, and having the opportunity to see and inspect the property, it being of a character not calling for expert knowledge to enable him to ascertain its quantity or value.

Finding that the Circuit Court rightly construed the amended declaration, and properly sustained the demurrer thereto, we affirm its judgment. Judgment affirmed.