THE HARRIS-EMERY COMPANY, Appellant, v. C. W. PIT-
CAIRN, F. M. BEARD, J. S: BLAISE and C. M. CHITTEN-
DEN, Appellees.

**Pleadings:**  DEMURRER.   A demurrer on the ground that the peti-
tion shows no personal liability of defendants, is too general
for consideration; and a demurrer which is not resposive to
the issue tendered will be overruled.

**Deceit:**  PLEADING:  DEMURRER.  In an action against the officers,
of an insurance association for deceit in misrepresenting the
nature and power of the association, thereby inducing plain-
.tiff to accept a policy, void under the law, a demurrer on the
ground that plaintiff is presumed to know that the policy
was issued without authority and therefore the officers issu-
ing it are not personally liable, will not lie, for the misrep-
resentation charged is primarily one of fact and not of law.

*Appeal from Polk District Court.*—HON. C. P. HOLMES.
Judge.

FRIDAY, FEBRUARY 5, 1904.

ACTION for damages on account of alleged fraud and
deceit. The court having sustained a demurrer to the peti-
tion, the plaintiff elected to stand upon its pleading, and
from a judgment dismissing its action it appeals to this court.
—*Reversed.*

*McVey, McVey & Graham* for appellant.

*Carr, Hewitt, Parker & Wright* and *Dudley & Coffin* for
appellees.

PER CURIAM.—The petition alleges that plaintiff is a
corporation in the business of buying, selling, and owning
dry goods and other merchandise, and that defendants are
officers and directors of a corporation known as the "Millers'
& Manufacturers' Mutual Fire Insurance Association." It

is further alleged that on March 1, 1899, the defendants so-
licited the plaintiff to take out a policy of insurance in said
association, and to induce such action on plaintiff's part de-
fendants stated and represented that said association was a
legally constituted fire insurance company with power to is-
sue policies of insurance such as were ordinarily issued by
what were known as "old-line companies," and with power
to issue what is known as the "ordinary stock policy" insur-
ance; that the company was in the habit of issuing such poli-
cies, affording thereby good and valid insurance; that, be-
lieving and relying upon said' representations, plaintiff did
take a policy of insurance from said association, paying there-
for the sum of $15; that during the term of said policy plain-
tiff suffered a loss by fire of the insured property, and then
for the first time discovered that said association represented
by defendants was a mutual company, organized with limit-
ed powers, and prohibited by statute from issuing a policy
of the kind given to the plaintiff.; that said policy was null
and void and worthless, affording plaintiff no insurance or
right of action against the association, all of which was well
known to the defendants when they issued said policy to him.
It is also averred that said association refused to pay the loss
under the policy, and has since become insolvent. On these
allegations there is a general prayer for damages. The de-
fendants, having first severally answered, obtained leave to
withdraw their answers, and united in a demurrer to the pe-
tition on the following grounds: "First. Because the petition
shows no personal liability against these defendants. Sec-
ond. The petition shows that the defendants were directors
of the insurance company therein referred to, and they are
not liable on a policy of insurance issued without authority
of law and beyond the power of the corporation. Third.
The plaintiffs are conclusively presumed to know that the
policy of insurance referred to in the petition was issued
without authority, and therefore cannot hold any officer lia-
ble because of the issuance of an illegal policy. Fourth.
These defendants never entered into any contract with the

plaintiffs, but, on the contrary, the contract was with the Millers' & Manufacturers' Mutual Fire Insurance Company, and therefore these defendants are not liable under the averments of the petition." In sustaining this demurrer and entering judgment thereon for defendants, we think there was error. .

I. The first ground stated in the demurrer is general, and presents no specific proposition for the consideration of the court. The second ground does not meet the case made

1. PLEADINGS: demurrer.

by the petition. Plaintiff does not seek to charge defendants with liability upon the policy. The action is not based upon the . policy, but is a demand for damages ·on acount of alleged deceit and misrepresentations by the defendants as individuals, by which plaintiff claims to have been led to an act resulting in its loss and injury. The same statement applies to the fourth ground of demurrer. It is not charged or claimed that defendants entered into any contract with plaintiff. It is true that a contract was made or supposed to be made with the association, and not with the individual defendants, but plaintiff itself avers that the contract was and is utterly null and void, and it disclaims any right of action thereon. Its claim to recovery is founded not in contract, but in tort. It follows that the second and fourth assignments of the demurrer misapprehend the cause of action stated by the petition.

II. The remaining proposition of the demurrer, that plaintiff is presumed to know that the policy was issued without authority, and therefore cannot hold the officers or agents

2. DECEIT: pleading: demurrer.

to personal liability for issuing it, presents at first blush a more debatable ground, but a little examination will demonstrate its unsoundness. The misrepresentation charged has primary reference not to the question of law defining the power of the corporation, but to the question of fact as to the kind of corporation which defendants represented, and the kind of insurance it ·was empowered to write. The statute (Code, title 9, chapter 4, section 1690) authorizes the organization of companies to issue policies of fire insurance upon the stock plan, and of other companies to

issue policies upon the mutual plan.  Whether the company represented by defendants was of that class or kind authorized to issue policies upon the stock plan, while it involves ultimately a question of law, is, as we have just observed, also and primarily a question of fact, a misrepresentation of which may be an actionable tort.  When the defendants applied to the plaintiff, soliciting business, tendering a stock plan policy, and representing that it was authorized to furnish that kind of insurance, and thereby deceived and misled the plaintiff to its injury, we think there is no principle of law which will permit defendants to say, "Admitting all this to be true, we were acting merely as the agents and officers of the corporation, and you believed our statements at your peril."  Plaintiff was not required to examine the records of the organization of the defendants' company and obtain the advice of a lawyer thereon before taking them at their word. While plaintiff must be held to have known the statute authorizing and regulating the business of fire insurance, it is not presumed to have known the fact whether defendants' company had complied with the conditions authorizing it to do a stock insurance business.  The presumption of notice and the doctrine of *ultra vires* are applicable in an action upon the contract against the corporation, and are even there in most cases applied with reluctance, but they are not available to the officers or agents whose fraud and deceit have led a party into a void contract to his injury.  In the case of *Smith v. Sherman,* 113 Iowa, 601, upon which appellees rely, it was expressly found that there was no fraud on part of the company or of the individual defendants, while here the demurrer admits the fraud but denies the liability.  Moreover, the action in that case was for recovery upon a contract obligation, and not for damages for a wrong done.

III.  The appellees press upon our attention the point that the petition does not state the amount of the policy issued to it, nor the amount of the loss sustained thereunder, nor any other fact from which the extent of the alleged damage may be measured.  Whatever may be the merits of this ob-

jection to the pleading, the demurrer does not raise it, and we cannot properly consider it.

For the reasons above given the judgment below is reversed, and cause remanded with direction to the trial court to overrule the demurrer to the petition.—Reversed.