G. L. MILLER AND L. J. MILLER v. CHARLES G. OSTERLUND.[1]

February 9, 1923.

No. 23,203.

**False representation that insurance company can do business in Minnesota actionable.**

A representation that an insurance company has authority and right to do business in Minnesota, is an implied representation that it has complied with the laws of this state and has procured official permission therefor, and if the representation is false it is actionable.

Two actions in the municipal court of Brainerd to recover $127.50 on a promissory note. The cases were tried together before McClenahan, J., who granted plaintiff's motion for a directed verdict for $284.95. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*H. E. Peterson*, for appellant.

*H. B. Sherwood*, for respondents.

HALLAM, J.

This is an action on a promissory note executed and delivered by defendant to the Guardian Food Company and indorsed by the Guardian Food Company to plaintiff. Defendant answered, alleging that the note was procured by fraud, and that plaintiff had knowledge of the fraud at the time of the indorsement of the note. On the trial, the court sustained an objection to the introduction of any evidence under the answer on the ground that it failed to state a defense, and directed a verdict for plaintiff. From the judgment entered, defendant appeals.

The answer alleged, among other things, that the Guardian Food Company solicited defendant to buy some of its stock food and to sell the same to his customers; that, as an inducement to the pur-

[1]Reported in 191 N. W. 919.

chase, the Guardian Food Company agreed to insure the stock of the purchaser, provided he used the food in accordance with prescribed directions, and "that said Guardian Food Company falsely represented to defendant that it had authority and right to do business in the state of Minnesota and the authority and right to execute the insurance above described in the state of Minnesota, notwithstanding that it was a foreign company with its offices in the city of Indianapolis in the state of Indiana."

The contention of plaintiff is that this alleges a representation of law and not of fact, and for that reason is not actionable. With this we do not agree.

A misrepresentation of a matter of law, in the absence of a relation of trust or confidence between the parties, or of some fact showing imposition, is not a representation on which the party to whom it has been made has a right to rely, for the law is presumed to be equally within the knowledge of both parties. 26 C. J. 1207, 1208 § 106, Beall v. McGehee, 57 Ala. 438.

This rule is applied with propriety in cases where a party makes representations as to the legal effect of language in a contract; Thompson v. Phoenix Ins. Co. 75 Me. 55, 46 Am. Rep. 357; or as to rights given by a contract; Prince v. Overholser, 75 Wis. 646, 44 N. W. 775, or as to liability on a certificate of stock in a corporation, Upton v. Tribilcock, 91 U. S. 45, 23 L. ed. 203; or as to the legal effect of an indorsement; First Nat. Bank of Hibbing v. Schirmer, 134 Minn. 387, 159 N. W. 800.

But it is not always easy to classify representations as of law or fact; often they are of mixed law and fact, and courts should not be too indulgent of defendants who have made misrepresentations as to matters of which they should be expected to have knowledge, and of which the other party ordinarily would not have knowledge. A misrepresentation, though involving matter of law, will be held actionable if it amounts to an implied assertion that facts exist that justify the conclusion of law which is expressed. 26 C. J. p. 1207, § 106; Harris-Emery Co. v. Pitcairn, 122 Iowa, 595, 98 N. W. 476; Myers v. Lowery, 46 Cal. App. 682, 189 Pac. 793.

We think the representations complained of in this case, while they incidentally involve matters of law, are to all intents and purposes representations of fact. To say of a foreign insurance company that it has the right to write insurance in Minnesota, conveys the meaning to the average man that the company has complied with the well-known requirements of our laws, and has received the insurance commissioner's license or authority to transact insurance business here. The representation charged in this case was an implied assertion that such requirement had been met. Such an assertion is admittedly an assertion of facts.

The views we have expressed seem to us in harmony with the authorities.

A representation that a college could grant a doctor's degree was held a representation of fact. Kerr v. Shurtleff, 218 Mass. 167, 105 N. E. 871. A representation that defendant was a legally constituted fire insurance company with power to issue policies of insurance such as were issued by old line companies was held a representation of fact. Harris-Emery Co. v. Pitcairn, 122 Iowa, 595, 98 N. W. 476. A representation that title had been divested by tax proceedings was held to involve a representation that the land was unoccupied since the validity of tax proceedings depended on that fact. Kathan v. Comstock, 140 Wis. 427.

Judgment reversed.