CHARLES VS. DENIS.

PROMISSORY NOTES: *Indorsement in blank; evidence.*

One who has indorsed a note in blank, without qualification expressed in the writing, cannot show *by parol*, as against the person to whom he delivered it, a contemporaneous agreement between them that he should not be liable as indorser, where no mistake or fraud in procuring the indorsement is alleged.

APPEAL from the Second County Court of *Brown* County. The case is sufficiently stated in the opinion.

The cause was submitted on the brief of *Hastings & Greene,* for appellant, and that of *Vroman & Sale,* for respondent.

As to the admissibility of parol evidence to vary the legal effect of a blank indorsement, appellant's counsel cited *Wilson v. Black,* 6 Blackf., 509; *Campbell v. Robbins,* 29 Ind., 271; *Lee v. Pile,* 37 id., 107; *Barry v. Morse,* 3 N. H., 132; *Barnstable Savings Bank v. Ballou,* 119 Mass., 487; *Fassin v. Hubbard,* 55 N. Y., 465; *Bank of Albion v. Smith,* 27 Barb., 489.

Upon the same point the respondent's counsel cited *Pike v. Street,* Moody & M., 226; *Phelps v. Foot,* 1 Conn., 387; *Beckwith v. Angell,* 6 id., 315; *Castle v. Candee,* 16 id., 232; *Perkins v. Catlin,* 11 id., 212; *Hays v. May,* Wright (Ohio), 80; *Harrison v. McKim,* 18 Iowa, 486; *Hill v. Ely,* 5 S. & R., 363; *Ayer v. Hutchins,* 4 Mass., 370; *Barker v. Prentiss,* 6 id., 430; *McComb v. Thompson,* 2 Minn., 146; *Rhodes v. Risley,* N. Chipman (Vt.), 44; *McDonough v. Goule,* 8 La., 472; *Murdock v. Arndt,* 1 Pinney, 70; *Jones v. Heiliger,* 36 Wis., 149, 153; Parsons on Bills and Notes, 24; Byles on Bills, 147.

COLE, J. This is an action by the indorsee against the indorser in blank of a promissory note. The defendant set up certain matters in his answer, which he was permitted to

show by parol evidence, against the plaintiff's objection, to the effect that, at the time the indorsement was made, it was understood and agreed between the parties that the defendant was not to be held liable as indorser, and that the indorsement was made simply for the purpose of transferring the title.   The court below held that, as between the original parties, it was competent to prove the agreement by parol, and instructed the jury, in substance, that if they were satisfied from the evidence that such an agreement was made, they must find for the defendant.   The correctness of this ruling is the only question we deem it necessary to consider in the case.

There are unquestionably authorities which decide that a blank indorsement of a note does not, as between the immediate parties, preclude evidence of a contemporaneous parol agreement showing that a restricted operation was intended to be given to the indorsement, or that the transfer was upon trust, or not absolute.   These cases, however, seem to be in violation of an important rule, that evidence of this description is introduced to vary and change the legal import of the contract as implied from the indorsement.   By the indorsement, the defendant promised to pay the note at maturity if the maker failed to pay it.   "Where a man writes his name, without anything more, on the back of a negotiable promissory note, he agrees that he will pay the note to the holder on receiving due notice that the maker, on demand made at the proper time, has neglected to pay it.   This is the legal effect of the indorsement, and the case is not open to any intendment, certainly not to the presumption that the party meant to contract a different obligation."   BRONSON, J., in *Seabury v. Hungerford*, 2 Hill, 80–82.   The mischief of admitting parol evidence to vary such a contract is the same as though the contract which the law presumes from the indorsement were written out in full.   Upon this point, Prof. Parsons says:   "Suppose over an indorsement an agreement is

written out in full, setting forth exactly the same promises which the law implies from a blank indorsement; suppose, further, that in an action by the indorsee upon this indorsement, evidence was offered by either party, which was inadmissible on the ground that it varied a written agreement: would the same evidence be inadmissible in the same action, if the indorsement were in blank? We are strongly disposed to say that it would be so, as a general rule, and to consider those cases in which such evidence would seem to be admissible, as exceptions." 2 Parsons on N. & B., pp. 23–4. The evidence admitted in this case to show that the indorsement was without recourse, was a direct contradiction of the obligations implied from the indorsement of the defendant. *Bank of the United States v. Dunn*, 6 Pet., 51–59. It is in principle the same as though the plaintiff had offered to show by parol that the defendant had waived demand and notice; or the same as an offer on the part of the defendant to contradict the instrument in any important particular. The legal effect of a regular blank indorsement cannot be controlled by parol evidence of an agreement that the indorsement was without recourse. *Wilson v. Black*, 6 Blackf., 509; *Campbell v. Robbins*, 29 Ind., 271; *Lee v. Pile*, 37 id., 107; *Bank of Albion v. Smith*, 27 Barb., 489; *Fassin v. Hubbard*, 55 N. Y., 465; *Barry v. Morse*, 3 N. H., 132; *Crocker v. Getchell*, 23 Me., 392; *Stubbs v. Goodall*, 4 Ga., 106. It is not denied that there is considerable diversity of judicial opinion upon the question; but we think the sounder doctrine is laid down in those cases which put all indorsements on substantially the same footing, and which hold that the legal effect of an indorsement in blank cannot be overcome or destroyed by parol. The contract by a blank indorsement is fixed by law, and should not be rendered uncertain by parol, any more than when written out in full. " And since the same injurious results would flow from permitting the legal effect of an indorsement in blank to be destroyed, as if it were an indorse-

ment in full, no indulgence should be granted to the former contract over the latter. Otherwise, indeed, no one can ever know how, or to what extent, an indorser in blank is bound." 2 Parsons on N. & B., p. 521.

The case of *Harrison v. McKim*, 18 Iowa, 485, holds, " that while a blank indorsement is in law an authority to the indorsee to fill it up as absolute and unconditional, yet, when the actual agreement between the parties has limited that authority, the filling of the blank by the indorsee in any other manner than according to the agreement is a *fraud* upon the indorser, which vitiates the writing, and of course opens the door for proof as to what the real contract was." p. 492. In *Hill v. Ely*, 5 S. & R., 363, " the evidence offered went to prove a direct fraud in obtaining the indorsements, or their perversion to a purpose never intended — a fraudulent purpose." p. 366. We do not care to dwell upon the distinction made in these cases. We think the sounder and more salutary rule, as applied to the contract, is the one which we have adopted.

*By the Court.* — The judgment of the county court is reversed, and a new trial ordered.