## EATON vs. McMAHON.

PROMISSORY NOTES: EVIDENCE. *(1) Burden of proof in action against indorser.* *(2) Legal effect of indorsement not variable by parol.*

1. In an action by the indorsee against the indorser of a promissory note, which was not presented to the maker for payment at maturity, the burden is upon the plaintiff to show that the maker had then removed from the state, or that due diligence was used to find him or ascertain his place of residence.
2. The indorser cannot show, against the indorsee, a parol agreement between them at the time of the indorsement, that the same should be without recourse.

APPEAL from the Circuit Court for *Manitowoc* County.

Action by the plaintiff as indorsee and holder of a promissory note, dated at Manitowoc, October 2, 1874, and payable one year after date, made by one Philip Hamilton to the defendant, and by him indorsed in blank to the plaintiff before maturity. The complaint is in the form usual in such actions, except that it contains the following averments excusing a failure to present the note to the maker for payment at ma-

turity: "And said plaintiff further says that at the maturity of said note he made due search and inquiry at Manitowoc aforesaid for the said Hamilton, in order that said note might be duly presented to him for payment, but he could not be found; and said defendant then and there informed said plaintiff that he believed said Hamilton was then in the state of Nebraska, as he had recently received a letter from him dated or postmarked there."

The answer contains a general denial, and alleges further that the defendant indorsed the note merely to pass the title thereto, and under an agreement with the plaintiff that he should not be held liable for its payment.

The only testimony to excuse the failure to present the note to the maker at maturity for payment, is the following: Plaintiff testified that until he received the note in suit, and certain others (which was in December, 1874), he had never seen Hamilton, or heard of him except in connection with these notes; that, after buying the notes, he had letters from Hamilton, then in Milwaukee, and saw him in Chicago in April, 1875, and was told by him that he intended to go to Wisconsin or California soon; that he had not seen him since; and that about the time the note became due, defendant told him he had understood that Hamilton was in Nebraska.

When the plaintiff rested his case, defendant moved for a nonsuit, which was denied. Thereupon the defendant testified that the conversation with plaintiff as to Hamilton being in Nebraska, was in June; and further: "I think Hamilton had lived here about two years. He had been away, down at Milwaukee, two or three years."

The court permitted the defendant, against objection, to give evidence tending to prove a parol agreement made with plaintiff when the note was indorsed, that defendant should not be held liable to pay it.

The foregoing are certified in the bill of exceptions to be all of the rulings of the court material to either party.

The defendant had a verdict and judgment; and the plaintiff appealed.

*Rufus P. Eaton*, appellant, in person, to the point that the court erred in admitting parol evidence to show that defendant was not to be holden on the indorsement, cited Edwards on Bills and Notes, 147–8; 27 Barb., 489; 2 Hill, 80; 2 Wis., 580; 3 id., 347, 570; 4 id., 369; 7 id., 532; 9 id., 215, 522; 12 id., 466; 13 id., 209; 15 id., 286; 22 id., 415; 24 id., 410; 41 id., 597, 600.

For the respondent, a brief was filed by *E. B. Treat*, and the cause was argued orally by *Wm. F. Vilas*. To the point that an indorsee of a note, taking it under a parol agreement not to charge his immediate indorser, cannot recover against him, they cited 2 Parsons on N. & B., 24, 519; Byles on Bills (Sharswood's ed.), 267; *Hill v. Ely*, 5 S. & R., 363; *Ross v. Espy*, 66 Pa. St., 481; *Johnson v. Martinus*, 4 Halst., 144; *Davis v. Morgan*, 64 N. C., 381; *Hubbard v. Gurney*, 64 N. Y., 457; *Bruce v. Wright*, 3 Hun, 548; *Kidson v. Dilworth*, 5 Price, 564; *Murdock v. Arndt*, 1 Pin., 70; *Peterson v. Johnson*, 22 Wis., 21. They also contended that, even if the court erred in this respect, the judgment should be affirmed, because, on the plaintiff's own evidence, he could not recover.

LYON, J. The implied contract of an indorser in blank of a promissory note payable generally, is, that he will pay the note to the holder if the maker fails to do so, provided the note at maturity is duly presented to the maker for payment, and due notice of nonpayment is given to the indorser. Under certain circumstances, however, the failure so to present the note for payment will not release the indorser from lia-bility, if he have proper notice that the note is unpaid. If, in

the exercise of due diligence, the holder is unable to find the maker or ascertain his place of residence, or if the maker resides out of the state, presentment to him for payment is excused, and the liability of the indorser remains. These principles or rules are elementary, as will appear by reference to all of the standard treatises on the subject.

In the present case, notice of the dishonor of the note in suit was given to the indorser; but the case is barren of proof that the plaintiff used any proper diligence to find the maker or ascertain his place of residence, or that he had removed from the state. The plaintiff testified that, about the time the note became due, the defendant told him he understood the maker was in Nebraska; but it does not appear in his testimony whether this was before or after the note became due. Further than this it does not appear that the plaintiff made the slightest effort to ascertain where the maker was, or the place of his residence. It was proved that he formerly resided for two years in Manitowoc, and then removed to Milwaukee, and there is no evidence that he ever removed from the state. The plaintiff saw him in Chicago in April, 1875, and learned from him that he intended to go to Wisconsin or California soon, and the defendant understood that he was in Nebraska. He may have gone to California as he intended, or he may have been in Nebraska when the note matured, and still have had a residence in Milwaukee, where effectual presentment for payment might have been made in his absence. If the maker removed from the state before the note matured, that excused presentment of the note for payment; but the burden was upon the plaintiff to prove the fact. He failed to prove it, and also failed to show proper diligence to ascertain the residence of the maker. Hence the plaintiff did not bring himself within the rule which excuses presentment of the note to the maker for payment, and the motion for a nonsuit ought to have been granted.

II. On the question of the admissibility of testimony to

prove a parol agreement between the parties, when the note was indorsed, that the indorsement should be without recourse, it is sufficient to say that we held in the late case of *Charles v. Denis* [*ante*, p. 56], that such testimony is not admissible. That case was decided in the absence of the chief justice, but he fully concurs in the conclusion which the majority of the members of the court there reached. It was error, therefore, to admit such testimony; but, for reasons already given, the error was harmless. Had the testimony been excluded, the result must have been the same.

It was said by Judge IRWIN, in *Murdock v. Arndt*, 1 Pin., 70, that, as between the indorsee and indorser, such evidence is admissible. But the controversy was not between the indorsee and his immediate indorser, but between the latter and one who took a transfer of the note from the former without notice of the alleged parol agreement; and the indorser was held liable. The remark of the judge was unnecessary to the decision of the case, and seems to have been made without much consideration. It is not binding as authority, and we cannot adopt it as sound doctrine, because it violates a fundamental principle in the law of evidence.

