Farr vs. Peterson and wife.

FARR, Appellant, vs. PETERSON and wife, Respondents.

*September 28 — October 22, 1895.*

*Deceit: Vendor and purchaser of land: Reliance upon false representations: Negligence: Court and jury.*

1. One who was induced to purchase a farm by false and fraudulent representations of the vendor as to its value and the amount of hay produced on it, cannot recover damages therefor if, in the exercise of ordinary care and prudence, he ought not, under the circumstances, to have relied upon the representations made to him or have accepted them as true without doing more than he did to ascertain their truth or falsity.

2. The question, in such case, whether he ought to have relied upon the representations, is one for the jury.

APPEAL from a judgment of the circuit court for Marquette county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

The plaintiff brought his action praying for the reforma-

tion and specific performance of a certain written contract,
dated July 9, 1892, for the conveyance of a certain farm in
Marquette county by him to the defendant *P. H. Peterson*,
and the correction and reformation of a subsequent deed of
conveyance of said farm, dated July 14, 1892, made in pur-
suance of said contract, by inserting in said contract and
deed, as a part of the description of the lands therein de-
scribed, the words, "except the crops now standing and
growing thereon," which, it was alleged, had been omitted
therefrom through mistake, inadvertence, and neglect of the
plaintiff's agent, and without his fault, knowledge, or con-
sent; and judgment was claimed for the value of said crops,
they having been taken and converted by the defendants to
their own use.

The defendants denied the allegations of the complaint
upon which the plaintiff based his right to relief, and the de-
fendant *P. H. Peterson* set up a counterclaim against the
plaintiff, in substance: That he bought the farm or lands
of the plaintiff, described in the complaint, July 9, 1892, for
the sum of $8,000. That he was not acquainted with the
lands, and had never been there, and was not acquainted
with the people, and knew nothing of the value of farms
in that vicinity; stating that he would and did rely upon
what the plaintiff said as to the said lands, or their value,
as the plaintiff well knew. That the plaintiff falsely and
fraudulently represented to the defendant that said lands
were worth $8,000, whereas in truth they were not worth
more than $2,500; that all the lands in that vicinity were
worth, and would sell for, $28.50 per acre,— the sum for
which the plaintiff was selling the lands in question,—
whereas such lands would not, as plaintiff well knew, sell
for more than $5 per acre; that said farm was well fenced;
that the soil was heavy clay soil, and very productive; that
there were over 150 acres under the plow, and seventy-
five acres of meadow, and that the marsh on the farm was

the best in that vicinity, and that he had cut every year 100 tons of hay on said farm; and that said farm was only four miles from Packwaukee, the nearest railroad depot, and only five or six miles from Montello, the county seat. That all such allegations were false, and made with intent to deceive, and did deceive, the defendant. It is alleged wherein and to what extent said representations were false, and that, relying upon the truth of them, he was misled into buying the farm and paying $8,000 for it; and the defendant claimed $5,500 damages.

In reply the plaintiff alleged that, before the defendant purchased the premises, he visited and examined them, and, upon such examination, accepted the plaintiff's proposition and concluded the trade.

It appeared, beyond dispute, that the plaintiff conveyed the farm to the defendant, and paid him $277, in exchange for twenty-two lots in the town of Greenfield, near Milwaukee, subject to a mortgage on the same for $6,375. The court found against the plaintiff upon the issue as to the equitable cause of action set out in the complaint, and, among other things, that there was no agreement between the parties, before the execution of the deed of the farm, by which the crops growing on the said lands were to be reserved; that there was no omission by mistake from the deed, such as alleged, but that the deed correctly represents the agreement between the parties; and that the plaintiff was not entitled to the relief prayed for.

The jury found a special verdict upon the counterclaim, in substance: (1) The defendant was not acquainted with the farm, nor with the country in that vicinity. (2) He did not know the value of the farm. (3) The plaintiff made false and fraudulent representations to the defendant as to the value of the farm. (4) He made false and fraudulent representations as to the amount of hay produced on the farm. (5) The false and fraudulent representations were made

while making the contract of sale, and to induce the sale, and with the expectation and intent that the defendant would rely on them. (6) The defendant believed them. (7) The defendant relied upon them, and was thereby induced to enter into the contract for the purchase of the farm. The eighth question was: "Ought the defendant, in the exercise of ordinary care and prudence, as an ordinarily intelligent man, under the circumstances shown in this case, to have relied upon the statements and representations made to him, and have accepted such statements and representations as true, without doing more than the testimony in this case satisfies you that he did do to ascertain the truth or falsity of such statements and representations? *Ans.* No." (9) The defendant was damaged by the false and fraudulent representations made by the plaintiff in purchasing the farm. (10) If the defendant was entitled to judgment, they assessed his damages at $4,000, and interest from May, 1893.

The evidence was such as to justify the court in submitting the matter embraced in the eighth question to the jury, and they were fairly and correctly instructed in the law on that subject. The evidence appears to be sufficient to support the finding. The defendant did not except to the admission of any of the evidence, nor to the instructions of the court, nor did he move to set aside the verdict, in whole or in part, but moved thereon for judgment against the plaintiff for the damages and costs; and judgment was given accordingly and denying all equitable relief under the complaint. The plaintiff moved for judgment in his favor on the verdict, but this was denied, and he appealed from the entire judgment.

For the appellant there were briefs by *Kelly & Kelly*, attorneys, and *W. H. Stafford*, of counsel, and oral argument by *J. T. Kelly*.

For the respondents there was a brief by *J. H. Rogers* and *John Barry*, and oral argument by *Mr. Rogers*.

Farr vs. Peterson and wife.

PINNEY, J. 1. There is no preponderance of evidence against the finding of the court upon the issue on the equitable cause of action set out in the complaint. It would be of no service to set out the substance of the evidence, or to enter upon any discussion of it. That part of the judgment which denies the plaintiff any equitable relief must therefore be affirmed.

2. Whether the defendant, in the exercise of ordinary care and prudence, as an ordinarily intelligent man, under the circumstances shown in this case, ought to have relied upon the statements and representations made to him, and to have accepted them as true, without doing more than the testimony in this case satisfied the jury that he did do to ascertain the truth or falsity of said statements and representations, was left to the jury, upon the evidence, under instructions apparently fair and correct. For the want of exception on the part of the defendant to the charge, we cannot review it; and for the reason that no motion was made to set aside the special verdict on the eighth finding, we cannot say that the eighth finding is not supported by competent evidence. The only question then is whether, upon the verdict taken as a whole, judgment should have been given for the plaintiff or for the defendant. The defendant rests his right entirely upon the special verdict, and does not seek to question it in any respect. It appears from the uncontradicted evidence that the defendant, with his agent, visited the farm in question immediately before he concluded the trade, and had an opportunity to examine it, and they availed themselves of it, to some extent at least. Admitting that the representations stated in the special verdict were false and fraudulent, and were made with the intent that defendant should rely upon them; that he did not know the value of the lands, and did so rely upon them, and was thereby induced to purchase the farm; and that he was damaged by such false and fraudulent representations,—

the question presented is whether his consequent loss is not the result of his own negligence and folly.

In *Slaughter's Adm'r v. Gerson*, 13 Wall. 383, the rule is stated to be that the representations, to entitle a party to relief, "must be representations relating to a matter as to which the complaining party did not have at hand the means of knowledge. Where means of knowledge are at hand and equally available to both parties, and the subject of the purchase is equally open to their inspection, if the purchaser does not avail himself of those means and opportunities he will not be heard to say, in impeachment of the contract of sale, that he was drawn into it by the vendor's misrepresentations." The same doctrine is laid down in *Mamlock v. Fairbanks*, 46 Wis. 415, where it is said that "the *present means* of knowledge concerning the subject matter of the representations of the party complaining, and *whether he knew or might have known the truth*, aside from such representations, are always material questions in such a case, and cannot be ignored where there is any proper evidence upon which they can be raised;" that the rule in cases of fraud by false representations is not to be extended to the protection of those who, having the means in their own hands, neglect to protect themselves; that the rule as to fraudulent representations in respect to the sale of personal property generally is equally applicable to the sale of real estate; and "that if the defects in the subject matter of sale are patent, or such as might or should be discerned by the exercise of ordinary vigilance, and the buyer has the opportunity of inspecting it, the law does not require the seller to aid and assist the observation of the purchaser." Kerr, Fraud & M. 101; *Brown v. Leach*, 107 Mass. 368.

The law requires men, in their dealing with each other, to exercise proper vigilance and apply their attention to those particulars which may be supposed to be within the reach of their observation and judgment, and not to close

their eyes to the means of information accessible to them; but the seller must not use any art or practice any artifice to conceal defects, or make any representations or do any act to throw the purchaser off his guard, or to divert his eye, or to prevent his use of any present means of information. Kerr, Fraud & M. 96, 98. Accordingly, a mere assertion by the vendor as to the value of the property offered by him for sale, where the property is seen and examined by the purchaser, although untrue and known by him to be so, will not render him responsible to the purchaser for damages. There must have been want of knowledge or the present means of knowledge, and not mere want of judgment on the part of the latter, and a purchase in entire reliance upon the representations made, or there must have been some artifice employed to prevent inquiry or the obtaining of knowledge by the purchaser. *Mosher v. Post,* 89 Wis. 602; *Chrysler v. Canaday,* 90 N. Y. 272. The fraud or mistake must have been of such a nature that the purchaser could not, with reasonable diligence, acquire a knowledge of it when put on inquiry. *Prince v. Overholser,* 75 Wis. 646, 650; *Brown v. Leach,* 107 Mass. 368.

Aside from the representation as to the value of the farm, the only other fraudulent representation found by the jury was "as to the amount of hay" the place produced. The contract was made at a time so near the usual period of cutting hay that the jury may have been able to conclude from the evidence that the defendant might have fairly judged of its truthfulness by an inspection of the crop then growing. But, be this as it may, their answer to the eighth question is nevertheless conclusive in this respect, as well as in respect to the representations as to value, that, under the circumstances shown in the case, the defendant ought not to have relied upon these representations as true without doing more than he was shown to have done to ascertain their truth or falsity. This was a question for the jury, under proper instructions

from the court; and for reasons founded upon the state of the record, already stated, the defendant cannot now question this finding. It is conclusive, and shows that judgment should have been given on the counterclaim in favor of the plaintiff and against the defendant.

*By the Court.*— That part of the judgment denying equitable relief as prayed for in the complaint is affirmed, and that part of the judgment awarding damages, upon the counterclaim against the plaintiff, to the defendant, is reversed, and the cause is remanded with directions to render judgment on the special verdict in favor of the plaintiff and against the defendant. The appellant is to recover costs in this court.