PALMERSHEIM, Respondent, vs. HERTEL, imp., Appellant.

*December 6, 1922—January 9, 1923.*

*Bills and notes: Contract of indorser in blank: Parol evidence:
Reformation of contract: Pleading: Construction: Presump-
tions: Amendment: Fraud: Representations as to farm sold:
Reliance by purchaser: Reasonable diligence.*

1. The contract of an indorser in blank of an ordinary promissory
note is that he will pay the note to the holder if the maker
fails to do so, provided that at maturity the note is duly pre-
sented to the maker for payment and due notice of nonpay-
ment is given to the indorser.

2. In an action on a note where the indorser's answer alleged
that by mistake he indorsed the note in blank, whereas the
true agreement was that he should indorse without recourse,
parol evidence was inadmissible to vary the blank indorse-
ment, under sec. 1677—3, Stats.

3. The mode of proving such mistake was by direct attack on the
note, setting forth the fact and asking for reformation, as
the indorsement cannot be opened to verbal explanation on
a mere allegation of mistake in an answer.

4. Although the trial court decided rightly in sustaining a de-
murrer to the answer, it was error to order judgment for
plaintiff, as defendant should have been allowed to amend
his pleading to state facts constituting a counterclaim, if
he desired.

5. Where the vendor represented that his farm was as good as
any in the neighborhood, had but two or three spots of
quack grass, that water which was in the cellar had come
from washtubs, whereas the land was poor, three fourths of
the farm being covered with thistles and quack grass, and
water seeped into the cellar, the representations were as to
existing facts and were not mere expressions of opinion.

6. Buyers are required to exercise reasonable diligence and can-
not close their eyes to means of information readily access-
ible; but where the counterclaim of the defendant does not
disclose what means of knowledge he had, or whether by
present investigation he could have ascertained the real facts,
or whether they were discoverable by the use of ordinary
care, a demurrer to the counterclaim will not be sustained
on the ground of lack of diligence on the part of the defend-
ant.

7. In view of sec. 2668, Stats., providing that in construing a
pleading for the purpose of determining its effect its allega-

tions shall be liberally construed, every reasonable intendment and presumption is to be made in favor of the pleader, and if essential facts can be discovered, as alleged in the pleading to exist either by express statement or reasonable inference, it must be held good, though the allegations be in form uncertain, defective, and incomplete.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed in part; reversed in part.*

*Charles T. Hickox* of Milwaukee, for the appellant.

For the respondent there was a brief by *Waldemar C. Wehe* and *Leo J. Landry,* both of Milwaukee, and oral argument by *Mr. Wehe.*

JONES, J. This is an action on a promissory note for $5,700. The note was made by defendant Gates to the order of defendant *Hertel,* and was indorsed and delivered by *Hertel* to plaintiff. The complaint alleged the nonpayment and protest of the note at maturity.

The defendant *Hertel* pleaded by way of defense and counterclaim. In the defense it was stated that he had agreed to buy plaintiff's farm for $17,000 and had deposited with plaintiff the sum of $500 to bind the bargain; that on the 4th day of June defendant was about to abandon the bargain by reason of his inability to get sufficient funds to make the cash payment and that he so informed plaintiff; that plaintiff, in order to induce defendant to carry out the bargain, agreed to take certain Liberty bonds, and to accept the note in suit, at their face value; that in reliance upon said agreement defendant delivered the bonds, made a cash payment of $1,500, and indorsed the note, and that subsequently the farm was deeded to defendant, plaintiff taking a mortgage for the balance due.

Defendant then alleged that by inadvertence and mistake he indorsed the note in blank, whereas the true agreement was that he should indorse "without recourse;" that the

indorsement as made did not constitute the real agreement of the parties; and that plaintiff should not, in equity and good conscience, be permitted to profit by the mistake, but should be estopped and enjoined from maintaining the action.

By way of counterclaim defendant alleged that the note was given as part of the purchase price of a certain farm; that the plaintiff, in order to induce defendant to purchase the farm, represented that it was as good as any farm in the neighborhood; that there were only two or three spots of Canada thistles and quack grass on the farm; that the water on the cellar floor came from washtubs which were then being used; whereas in fact the soil of the farm was poor and would not produce crops as good as those in the neighborhood; that three fourths of the farm was covered with Canada thistles and quack grass; and that water continually seeped into the cellar and caused the whole house to be damp.

Plaintiff's knowledge of the falsity of the representations and defendant's reliance thereon were averred, and it was alleged that by reason of the fact that the farm was not as represented it did not exceed in value $12,000. Offer was made to reconvey and pay a reasonable rental upon return of the consideration.

Plaintiff demurred on the grounds that the answer did not state facts sufficient to constitute a defense; that the counterclaim did not state facts sufficient to constitute a cause of action; and further, that the cause of action stated was not pleadable as a counterclaim to the action. The court ordered that the demurrer be sustained and that the plaintiff have judgment thereon.

The action is one at law and the first defense relied on is also purely legal in its nature. There are no allegations indicating that any reformation of the indorsement is demanded, and there is no apt language from which it may

be claimed that there was the intention to plead a counter-claim.

No fraud is charged. Therefore the question is presented whether in an action on a blank indorsement the mere allegation by the defendant that he had made a mistake and that the contract was not the one actually agreed upon opens the door to prove a different contract than that which the law implies. There is undoubtedly some conflict on this subject. There are numerous cases in other jurisdictions to the effect that a blank indorsement is only *prima facie* evidence of the contract which the law implies and that as between the parties the actual contract may be shown by parol.

In some of the cases it is held that the law does not imply a contract where an express one has been made. Counsel for appellant greatly relies on the case of *Gunn v. Madigan,* 28 Wis. 158, to support this contention. In this case the action was on a guaranty of payment and the defendant claimed that the real agreement was a guaranty of collection, and claimed that a mistake had been made in executing the agreement. It was held that the answer could not be considered a counterclaim. It was also held the written guaranty must be presumed to express the real contract, and that evidence to show a different one could only be received in a direct proceeding to reform the contract; that since the trial court treated the allegation in the answer as equivalent to a proceeding to reform and gave the defendant an opportunity to try the issue, and the opportunity was declined by defendant, judgment for the plaintiff was properly rendered.

The opinion in that case was written by Mr. Justice LYON, who also wrote the opinion in *Eaton v. McMahon,* 42 Wis. 484, in which it was squarely held that the indorser cannot show a parol agreement between the parties that the same should be without recourse. The same rule was declared in *Charles v. Denis,* 42 Wis. 56. See, also, *Halbach v.*

*Trester,* 102 Wis. 530, 78 N. W. 759; *Union Bank v. Commercial S. Co.* 163 Wis. 470, 157 N. W. 510.·

Counsel for appellant also rely on *Johnson v. Williard,* 83 Wis. 420, 53 N. W. 776. In this case the indorsement was "with recourse," and the defendant was allowed to prove that there was a mistake and the real intention was that the words should be "without recourse." Testimony was offered that an assignment of a mortgage securing the note, which assignment was executed at the same time as the note, stipulated that there should be no recourse on the note and mortgage. Under the circumstances the court held that the plaintiff, having knowledge of the mistake, could not recover. It was held that the apparent contract of liability as indorser was void, of which a court of equity had cognizance and would refuse to enforce the void stipulation inserted by mistake.

· If these two cases cited by defendant are in any way inconsistent with the general rule below stated we regard them as exceptional. It has long been settled in this state that the contract of an indorser in blank of an ordinary promissory note is that he will pay the note to the holder if the maker fails to do so, provided the note at maturity is duly · presented to the maker for payment and due notice of non-payment is given the indorser; that it is a commercial contract which by commercial usage and custom has become just as definite as if written out in greater detail. *Gunn v. Madigan,* 28 Wis. 158; *Eaton v. McMahon,* 42 Wis. 484; *Charles v. Denis,* 42 Wis. 56.

The rule that parol evidence should not be received to change the contract thus created is most often invoked by the plaintiff in actions on the indorsement, but it has also often operated to the benefit of the defendant when the attempt has been made to enlarge his liability by parol proof offered to show that he was in fact a maker or surety or guarantor.

Counsel for appellant urges that there were two distinct

agreements: one merely transferring title to the note, the other that there was to be no liability on the part of the indorser, and relies on *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418, where there was made at the same time an agreement for the sale of both real and personal property, and where there was a distinct, contemporaneous, parol agreement, and one of the parties sought to make such use of the written agreement as would perpetrate a fraud. But the careful opinion of Mr. Justice TIMLIN clearly recognizes the general rule which forbids the use of parol evidence to contradict written contracts. In the present case no fraud is alleged; there was no ambiguity in the written contract; the answer does not allege two distinct agreements; and on its face the indorsement was the ordinary contract, the effect of which has been already stated.

Bearing on the general question whether parol evidence is admissible to vary the terms of a blank indorsement, there is a very elaborate and useful note in 4 A. L. R. 764, in which the cases holding the majority and the minority rule are cited and discussed, as well as the limitations to the rule.

Counsel for respondent rely upon sec. 1677—3, Stats., which provides as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

In our judgment this statute declares the rule which was already well settled in this state, and it is unnecessary to consider what would be its effect if a different rule had prevailed.

It is contended by counsel for appellant that the defense alleged is equitable in its nature and that although no counterclaim was interposed parol proof would be admissible under the answer. If the defense were properly

pleaded. there is no doubt but defendant would have the right to show mistake or fraud. This is so well settled that the citation of authority is unnecessary.

But it is equally well settled that the mode of proving such mistake is by direct attack upon the instrument setting forth. the fact and asking for reformation. It would be a dangerous doctrine that promissory notes, indorsements, and written guaranties could be opened to all kinds of verbal explanation on the mere allegation of mistake in an answer. Although our statutes have given great liberality in respect to the construction and amendment of pleadings they have not changed the material differences between legal and equitable relief.

Although we have disagreed with most of the contentions made by defendant's counsel on this branch of the case it does not follow that we concur in the order of the court that the plaintiff have judgment against the defendant. The facts may be such that the defendant had the right to a reformation of the writing in question, and, if so, that right was not necessarily lost because his counsel may have adopted an erroneous theory of pleading. Under existing statutes the court had the power to permit an amendment of the pleading so as to present the facts relied on for reformation, and although the court decided rightly in sustaining the demurrer, the defendant should be allowed to amend and allege facts constituting a counterclaim if he so desires.

It is argued by counsel for plaintiff that the false representations contained in the counterclaim were mere expressions of opinion and such statements of commendation of the property sold as the vendor had the right to make without incurring liability. If the allegations were confined to statements concerning the crops which could be raised in the future there would be much force in this contention. But there were specific representations as to exist-

ing facts which clearly do not come within the class of mere expressions of opinion.

The statement that there were only two or three spots of quack grass, which defendant could mow off in an hour, related to a very material matter of fact concerning which he was presumed to have knowledge. The same is true of the representation that the water on the floor of the cellar was due to washing then going on in the house, while in fact the water constantly seeped into the cellar, causing dampness permanently. If in fact this was a permanent condition, and if in the season of 1921 three fourths of the tillable land was covered with quack grass and Canada thistles, the land was less valuable than represented. The seller may hold his own opinion as to the value of his property and may express these opinions quite freely. But when in making a sale he makes false statements as to material physical facts which form an element in value, he is on dangerous ground, and we have little difficulty in holding that the representations alleged were not mere expressions of opinion.

It is a close question whether the counterclaim states such facts as entitled defendant to rely on the misrepresentation. Counsel for plaintiff cites authorities to the well settled rule that buyers are required to exercise reasonable diligence and not to close their eyes to means of information easily accessible. The counterclaim would doubtless be less subject to criticism if defendant had alleged facts showing what diligence he used in trying to ascertain the facts or showing that the real facts were not discoverable by the use of ordinary care when the contract was made.

Obviously the plaintiff knew or ought to have known the truth or falsity of the representations made. It does not appear from the pleadings what means of knowledge the defendant had or whether by present investigation he could have ascertained the facts. There is little doubt as

to the broad general rule which governs in cases of this character.

"The law requires men, in their dealing with each other, to exercise proper vigilance and apply their attention to those particulars which may be supposed to be within the reach of their observation and judgment, and not to close their eyes to the means of information accessible to them; but the seller must not use any art or practice any artifice to conceal defects, or make any representations or do any act to throw the purchaser off his guard, or to divert his eye, or to prevent his use of any present means of information." *Farr v. Peterson,* 91 Wis. 182, 187, 64 N. W. 863.

But in the application of the rule there is infinite diversity of opinion. This is illustrated in the cases collected in the valuable work of Mr. Page on Contracts (2d ed.) §§ 326–328. The question most often arises in actual trials, and is generally one for the jury. In the instant case it arises on demurrer.

It is true that the pleading is not carefully drawn, but the plaintiff might have made a motion to have it made more definite and certain. Our statute provides that:

"In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties." Sec. 2668, Stats.

It has often been decided that every reasonable intendment and presumption is to be made in favor of the pleader, and that if the essential facts can be discovered, as alleged in the pleading to exist, either by express statement or reasonable inference, it must be held good though the allegations be in form uncertain, defective, and incomplete. See cases collected in *Laun v. Kipp,* 155 Wis. 347, 356, 145 N. W. 183.

We conclude that the demurrer to the counterclaim should not have been sustained on the ground of lack of diligence on the part of defendant, and that this view has

the support of the following cases: *Ohrmundt v. Spiegel-hoff,* 175 Wis. 214, 184 N. W. 692; *Lee v. Bielefeld,* 176 Wis. 225, 186 N. W. 587; *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790.

The counterclaim shows that there was an oral contract with respect to the sale in May. The indorsement was made in June following. It is argued by plaintiff's counsel that there was a month in which the defendant could have ascertained the facts and that by the delay the right to rescind was waived. If there were no answer to this objection it suffices to say that the action was not one to rescind the contract.

It follows that the demurrer to the counterclaim should have been overruled.

*By the Court.*—Order affirmed in part and reversed in part, as indicated in the opinion, and cause remanded for further proceedings according to law.