Robert S. KANACK and Mary Beth Kanack,
Plaintiffs-Appellants,

v.

Myron C. KREMSKI and Judith M. Kremski,
Defendants-Respondents.

Supreme Court

*No. 77–189. Submitted on briefs October 10, 1979.—
Decided May 13, 1980.*
(Also reported in 291 N.W.2d 864.)

For the appellants the cause was submitted on the brief of *Franks & Pikofsky, S.C.*, of Milwaukee.

For the respondents the cause was submitted on the brief of *Krawczyk & Duginski* of Milwaukee.

DAY, J.   This is an appeal from a judgment following an order which granted the defendants-respondents' (hereinafter sellers) motion for summary judgment and dismissed the plaintiffs-appellants' (hereinafter buyers) complaint for intentional or negligent misrepresentation in the sale of a house.

The buyers commenced this action to recover damages they allegedly sustained as a result of a "serious water leakage problem" in the basement of a house they purchased from the sellers. Their offer to purchase was accepted on January 28, 1976, and the closing was held on March 31, 1976, at which time the buyers obtained possession.

The buyers served and filed their complaint, and after the sellers answered and took depositions, the sellers moved for summary judgment. The trial court granted the buyers' motion to file an amended complaint and adjourned the motion for summary judgment to a later date for a hearing.

The buyers then filed an amended complaint in which they alleged that after they took possession of the property, they discovered a "serious water leakage problem in the basement" and that the sellers, by virtue of their occupancy prior to the sale ". . . knew or should have known of said water leakage problem." The buyers further alleged that the water leakage condition in the basement was not readily observable or discoverable by them, but rather was within the "special knowledge" of the sellers and that the condition of the basement affected the value and desirability of the property.

Furthermore, the buyers in their amended complaint alleged that although the sellers knew and should have known of the conditions, they ". . . failed and neglected to disclose said conditions" to buyers and that they did so with the purpose of inducing the buyers to enter into the offer to purchase and consummate the sale.

The sellers filed an answer to the amended complaint denying all the material allegations, and then filed new affidavits in support of their motion for summary judgment. In these new affidavits, the sellers denied that there ever had been a serious water problem in the basement of the house during the period in which they oc-

cupied the premises and prior to the sale to the buyers. The sellers stated that during the entire period they occupied the house, they had full and complete use and enjoyment of the basement and were not inhibited in any way by any water problem. Furthermore, they stated that there was, to the best of their knowledge, no serious problem or defect in the premises and that there was nothing they could have disclosed to the buyers with respect to any such alleged defect or problem because none existed. The sellers also asserted that they had invested substantial sums of money in the premises in remodeling the basement and that they would not have done so had there been any water problem. According to the sellers, these improvements were completed more than six months prior to the sale.

The sellers' attorney also submitted an affidavit in support of the motion for summary judgment in which he asserted that there was no evidence of any kind to establish that the condition complained of by the buyers existed prior to the sale of the house. Included in this affidavit was a portion of the deposition of the buyer, Mary Beth Kanack, wherein she admitted that she knew of no person who could testify that the water leakage condition in the basement existed prior to the sale.

The buyers submitted an affidavit in opposition to the motion for summary judgment in which they stated that the sellers at no time prior to the sale indicated to them that there was any problem with water leakage and water accumulation in the basement. They further asserted that it was only after they took occupancy of the property that they discovered the "serious water problem" and that in their inspection of the property prior to sale, they were unable to readily observe such defects due to the nature of the defects and were unaware of such defects at the time of the closing. The buyers in their affidavit also stated that the sellers knew of the defects and failed to disclose them to the buyers.

After a hearing on the motion for summary judgment, the trial court, without opinion, granted the sellers' motion and judgment was subsequently entered dismissing the buyers' amended complaint.

On this appeal, the buyers contend that their amended complaint set forth a cause of action for misrepresentation by the failure of the sellers to advise them of material facts known to the sellers and undiscoverable by the buyers. The buyers argue that there are material issues of fact in dispute in this case which can only be resolved by a trial on the merits, and therefore the motion for summary judgment should have been denied.

This case is governed by the new Rules of Civil Procedure and sec. 802.08 (2), Stats., with respect to motions for summary judgment. As this court in *Wright v. Hasley,* 86 Wis.2d 572, 578–79, 273 N.W.2d 319 (1979), recognized, the new rules require a more "exacting appellate scrutiny" of the trial court's determination of a motion for summary judgment. This court can no longer accord the trial court wide latitude in deciding to grant or deny summary judgment. *Id.* at 578.

The initial question on this appeal is whether the complaint states a cause of action. This court in *Marshall v. Miles,* 54 Wis.2d 155, 160, 194 N.W.2d 630 (1972), said: "The summary-judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented . . . ." *See also, Coleman v. Outboard Marine Corp.,* 92 Wis.2d 565, 570, 285 N.W.2d 633 (1979). If the complaint states a cause of action, or a claim upon which relief can be granted, there is a prescribed methodology to be followed in determining whether summary judgment is appropriate. *See Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis.2d 555, 565–67, 278 N.W.2d 857 (1979).

Thus, the first issue we must consider on this appeal is whether the amended complaint states a claim for intentional misrepresentation by the sellers' failure to disclose to the buyers the existence of the "serious water leakage problem" in the basement prior to the sale.

In the recent case of *Ollerman v. O'Rourke Co., Inc.,* 94 Wis.2d 17, 288 N.W.2d 95 (1980), this court recognized that the traditional rule in Wisconsin is:

". . . that in an action for intentional misrepresentation the seller of real estate, dealing at arm's length with the buyer, has no duty to disclose information to the buyer and therefore has no liability in an action for intentional misrepresentation for failure to disclose." *Id.* at 29, citing *Kamuchey v. Trzesniewski,* 8 Wis.2d 94, 99, 98 N.W.2d 403 (1959) ; *Southard v. Occidental Life Ins. Co.,* 31 Wis.2d 351, 142 N.W.2d 844 (1966) ; *Guyer v. Cities Service Oil Co.,* 440 F. Supp. 630, 632 (E.D. Wis. 1977).

This traditional rule appears to be recognized by the majority of jurisdictions in this country. See Annotation, *Vendor's Concealment of Flooding Danger,* 90 A.L.R. 3rd 568.

The cases recognize that the vendor of property may be liable to the purchaser for intentional misrepresentation when there is an actual misrepresentation, *see Palmershein v. Hertel,* 179 Wis. 291, 191 N.W. 567 (1923), or when the seller has a duty to disclose facts concerning the condition of the property known to him but not known to the buyer. *Ollerman v. O'Rourke Co., Inc., supra,* at 39.

In *Palmershein v. Hertel, supra,* the vendor had represented that the water on the cellar floor came from washtubs which were then being used, whereas in fact water continually seeped into the cellar and caused the whole house to be damp. On appeal, this court rejected the

seller's argument that the false representations were mere expressions of opinion which the vendor had the right to make. This court recognized that these were specific representations as to existing facts, and were therefore not mere expressions of opinion. This court stated at p. 298:

"The seller may hold his own opinion as to value of his property and may express these opinions quite freely. But when in making a sale he makes false statements as to material physical facts which form an element in value, he is on dangerous ground, and we have little difficulty in holding that the representations alleged were not mere expressions of opinion."

This court also noted that the general rule was that buyers were required to exercise reasonable diligence and could not close their eyes to means of information readily accessible to ascertain the facts. Quoting from *Farr v. Peterson*, 91 Wis. 182, 187–88, 64 N.W. 863 (1895), this court stated:

"The law requires men, in their dealing with each other, to exercise proper vigilance and apply their attention to those particulars which may be supposed to be within the reach of their observation and judgment, and not to close their eyes to the means of information accessible to them; but the seller must not use any art or practice any artifice to conceal defects, or make any representations or do any act to throw the purchaser off his guard, or to divert his eye, or to prevent his use of any present means of information."

In *Ollerman v. O'Rourke Co., Inc., supra*, this court recognized a cause of action for intentional misrepresentation in favor of a noncommercial purchaser against a subdivider vendor of a residential lot who had failed to disclose the existence of a well on the property which seriously interfered with construction of a residence.

This court held that such a vendor had a duty to disclose facts which were known to the vendor, were material to the transaction and which were not readily discernible to the purchaser. This court listed the following elements as significant to persuade a court of the fairness and equity of imposing a duty on a vendor of real estate to disclose known facts:

"[T]he condition is 'latent' and not readily observable by the purchaser; the purchaser acts upon the reasonable assumption that the condition does (or does not) exist; the vendor has special knowledge or means of knowledge not available to the purchaser; and the existence of the condition is material to the transaction, that is, it influences whether the transaction is concluded at all or at the same price." *Id.* at 39–40.

In recognizing such a cause of action, this court specifically referred to the holding as "narrow" and limited it to a "subdivider vendor of a residential lot." *Id.* at 42. The court stated:

"Where the vendor is in the real estate business and is skilled and knowledgeable and the purchaser is not, the purchaser is in a poor position to discover a condition which is not readily discernible, and the purchaser may justifiably rely on the knowledge and skill of the vendor. Thus, in the instant case, a strong argument for imposing a duty on the seller to disclose material facts is this 'reliance factor.' The buyer portrayed in this complaint had a reasonable expectation of honesty in the marketplace, that is, that the vendor would disclose material facts which it knew and which were not readily discernible. Under these circumstances the law should impose a duty of honesty on the seller." *Id.* at 41–42.

In the instant case, there is no allegation in the amended complaint that the sellers concealed any facts indicating the existence of the alleged leakage problem in the basement. Unlike the first complaint filed in this case, the amended complaint does not allege that the buyers

asked the sellers whether there was a water leakage problem and whether the basement was dry; nor does it allege that the sellers actually gave false and misleading responses to such questions. Thus, this case is distinguishable from *Palmershein v. Hertel, supra.*[1]

In the absence of an allegation of actual misrepresentation or of a known, undisclosed defect so serious as to vitiate the contract, we hold that an allegation of failure to disclose a "serious water problem" fails to state a cause of action. A "water problem" in a basement can run all the way from occasional, slight inconvenience to making the premises uninhabitable. Adding the subjective word "serious" adds nothing to the description. The instant case is not one where the sellers failed to disclose dangerous conditions to the buyers which the buyers by reasonable inspection could not discover prior to sale; nor is this a situation where the buyers and sellers were in a special relationship which would necessitate the abrogation of the traditional nondisclosure rule. From the facts alleged in the amended complaint the parties appear to be noncommercial persons engaged in a

---

[1] The initial complaint in this case contained allegations that the buyers specifically asked the sellers whether there was a water leakage problem in the basement and whether the basement was dry, and that the sellers responded that there was no problem and that the basement was, in fact, dry. It was further alleged in the initial complaint that the statements on the part of the sellers were false and fraudulent and that the sellers knew them to be so, that the buyers relied on them, and that the statements were made for the purpose of inducing the buyers to purchase the property.

This complaint was withdrawn after the buyers' deposition wherein they admitted that they had made no inquiry of the sellers with respect to any water leakage problem in the basement, that they had never asked the sellers whether the basement was dry, and that the sellers had never informed or assured them that there was no water problem with the basement.

typical real estate transaction. Under these circumstances, the sellers were under no duty to disclose and the buyers were under a duty to exercise proper vigilance either by inspection or inquiry, on their own behalf. *Farr v. Peterson, supra.*

We therefore conclude that the amended complaint fails to state a claim upon which relief can be granted and summary judgment dismissing the complaint was appropriately granted.

*By the Court.*—Judgment affirmed.

COFFEY, J., took no part.

SHIRLEY S. ABRAHAMSON, J. *(concurring)*. Although I believe the majority has reached the right result in this case, I do not think the majority has set forth its rationale fully.

The circuit court granted the defendants' motion for summary judgment and dismissed the action with prejudice. The majority, using the procedure set forth by this court for reviewing an order granting summary judgment, looks first at the complaint, treating the motion for summary judgment as the functional equivalent of a motion to dismiss the complaint for failing to state a claim upon which relief can be granted. *See* sec. 802.06 (2) (f), Stats.; 6 Moore, *Federal Practice* par. 56.11 [2], p. 56–210 (2d ed. 1976).

The amended complaint alleges that the defendants, by virtue of their occupancy of the house, knew or should have known of a serious water leakage problem in the basement; that the problem was within the special knowledge of the defendants; that the problem was not observable or discernible by the plaintiffs; that the condition of the basement materially affected the value and desirability of the property; and that the defendants failed and neglected to disclose the condition with the

purpose of inducing the plaintiffs to buy the property. The plaintiffs sought damages in the amount of $4,600.00.

For purposes of testing the legal sufficiency of the complaint, the facts pleaded and all reasonable inferences are admitted to be true. Legal conclusions and unreasonable inferences need not be accepted. *Hartridge v. State Farm Mutual Auto. Ins. Co.*, 86 Wis.2d 1, 4–5, 271 N.W.2d 598 (1978). The pleadings are to be liberally construed with a view to substantial justice to the parties. Sec. 802.02(6), Stats. The complaint should be dismissed as legally insufficient only "if it is quite clear that under no circumstances can the plaintiff recover." Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure*, Chapters 801–803, 59 Marq. L. Rev. 1, 54 (1976), quoted with approval in *Morgan v. Pennsylvania General Ins. Co.*, 87 Wis.2d 723, 731, 275 N.W.2d 660 (1979).

The majority opinion recognizes that there may be instances where non-disclosure of a defect by a non-commercial seller engaged in a real estate transaction may constitute intentional misrepresentation. The majority, however, refuses to interpret the complaint in the instant case broadly enough to state such a claim. Although such a narrow interpretation of the complaint appears contrary to prior decisions in which we stated that a claim should not be dismissed "unless it appears to a certainty that no relief can be granted under any set of facts that plaintiff can prove in support of his allegations," *Morgan v. Pennsylvania General Ins. Co.*, *supra*, 87 Wis.2d at 732, the majority's narrow interpretation of the complaint in the instant case rests on precedent.

In *Wilson v. Continental Insurance Co.*, 87 Wis.2d 310, 326, 274 N.W.2d 679 (1979), we noted that where certain public policy questions are involved the com-

plaint must set forth the facts in detail to withstand a motion to dismiss. We said:

"Under the guise of notice pleading, the complaint before us requires the court to indulge in too much speculation leaving too much to the imagination of the court. The appellants contend that such necessary facts will be supplied by the discovery process. We think not. We hold the appellants have not set forth facts constituting a claim in negligence . . . especially in light of the public policy questions raised by this appeal . . . ."

In *Ollerman v. O'Rourke Co., Inc.*, 94 Wis.2d 17, 288 N.W.2d 95 (1980), we recognized that the traditional rule that no action lies against the seller of real estate for failure to disclose in an arm's-length transaction is in part based on the desirability of avoiding uncertainty in real estate transactions and on the desirability of avoiding litigation. The majority is obviously saying, as we said in *Wilson*, that in a cause of action such as one for non-disclosure in real estate transactions, because of public policy considerations, the complaint must set forth facts in great detail if it is to survive a motion to dismiss.

After concluding that the complaint fails to state a claim, the majority, without explanation, affirms a summary judgment dismissing the amended complaint on the merits. Ordinarily when a motion to dismiss for failure to state a claim is granted the plaintiff is given an opportunity to plead over if any factual basis can exist for a claim. An opportunity to replead may also be granted after summary judgment. 6 Moore, *Federal Practice* par. 56.10 (2d ed. 1976). In the case at bar, however, the plaintiffs are not given this opportunity. Again, this result rests on precedent. The plaintiffs bought the house in March 1976 and began their lawsuit in August 1976. The plaintiffs served an amended complaint in March 1977. The defendant answered both complaints and moved for summary judgment. Depositions were taken

and affidavits were filed in 1977. The circuit court's order granting summary judgment was entered on May 17, 1977. This appeal is being decided a little more than four years after the purchase of the house was completed. In light of the two complaints, two answers, depositions, motions, an appeal, and the four-year time period, this court obviously does not believe that the ends of justice would be served by granting the plaintiffs leave to plead over for a third time. *Wilson v. Continental Insurance Co.*, 87 Wis.2d 310, 326, 274 N.W.2d 679 (1979).

I concur in the result reached by the majority.