Donald Lee SPITLER, Plaintiff-Appellant,

v.

Jeffrey DEAN, Defendant-Respondent-Petitioner.

Supreme Court

*No. 87-1255. Argued January 4, 1989.—Decided March 1, 1989.*

(Also reported in 436 N.W.2d 308.)

For the defendant-respondent-petitioner there was a brief by *James O. Conway* and *Chase, Olsen, Kloet & Gunderson,* Sheboygan, and oral argument by *Alvin R. Kloet.*

For the plaintiff-appellant there was a brief by *David J. Cannon* and *Michael, Best & Friedrich,* Milwaukee, and oral argument by *Mr. Cannon.*

WILLIAM A. BABLITCH, J.   The plaintiff, Donald Lee Spitler (Spitler), filed this intentional tort claim more than two years after he was injured, but less than two years after he discovered the identity of the alleged tortfeasor. He requests this court to extend the "discovery rule" adopted in *Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983), to hold that a tort claim accrues only when the plaintiff

discovers, or with reasonable diligence should have discovered, the identity of the alleged tortfeasor. We agree, and remand to the trial court to determine whether reasonable diligence was exercised in attempting to discover the identity of the defendant.

Spitler filed this action for assault and battery on February 10, 1987, alleging that Jeffrey Dean (Dean) struck him in the face on February 16, 1984, resulting in personal injuries. Dean moved to dismiss on the grounds that the action was barred by the two year statute of limitations for intentional torts, sec. 893.57, Stats., cited below.[1] Spitler responded, arguing on the basis of *Hansen* that the statute did not begin to run until he learned the identity of his assailant in December, 1985.

The trial court declined to extend the discovery rule to the discovery of a tortfeasor's identity, and dismissed the claim. The court of appeals reversed and remanded for reinstatement of the claim, concluding that the defendant must be identified before a cause of action accrues. The court of appeals did not address the question of diligence.

We accepted the petition for review to resolve whether the *Hansen* discovery rule should be extended to allow a tort action to accrue only after the identity of the defendant is known, or reasonably should have been known. This is a question of law we decide independently of the lower courts. *See Hansen,* 113 Wis. 2d at 552.

---

[1]**893.57 Intentional torts.** An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred.

Spitler essentially argues that this court must construe *Hansen* such that the statute of limitations does not begin to run until the identity of a particular defendant is known, reasoning that to hold otherwise would effectively bar judicial recourse for many injuries. Dean maintains that Spitler did not need to know the identity of the tortfeasor in order to obtain judicial relief because he could have filed a claim under the "fictitious name" statute, sec. 807.12, Stats., allowing Spitler to subpoena records, conduct depositions, and take such other discovery as might be necessary to learn the tortfeasor's identity. Spitler could then have amended the pleadings to properly denominate the defendant at such time as the identity was discovered.

In *Hansen,* a products liability suit arising out of injuries allegedly caused by the defendant's "Dalkon Shield" intrauterine device (IUD), we reversed a long line of cases that established the accrual date for personal injury actions as the date of the tort causing the injury. *See, e.g., Peterson v. Roloff,* 57 Wis. 2d 1, 203 N.W.2d 699 (1973). We formulated the discovery rule in *Hansen* to avoid the harsh results produced by commencing the running of the statute of limitations before a claimant was aware of any basis for an action. In holding that claims accrue on the date the injury is discovered, or reasonably should have been discovered, we balanced the conflicting public policies raised by statutes of limitations and concluded that "the injustice of barring meritorious claims before the claimant knows of the injury outweighs the threat of stale or fraudulent actions." *Hansen,* 113 Wis. 2d at 559. We stated:

> In the interest of justice and fundamental fairness, we adopt the discovery rule for all tort

actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first. All cases holding that tort claims accrue at the time of the negligent act or injury are hereby overruled. *Id.* at 560.

In adopting the discovery rule for tort claims, we augmented an earlier rule for the accrual of a cause of action, which was first set out in Wisconsin in *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488 (1906): "'[a] cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.'" (Citations omitted.)

This language was reiterated in *Les Moise, Inc. v. Rossignol Ski Co., Inc.,* 122 Wis. 2d 51, 57, 361 N.W.2d 653 (1985). The issue in that case was whether a cause of action under the Wisconsin Fair Dealership Law, ch. 135, Stats., for termination of a dealership accrues on the date a notice not complying with the requirements of that chapter is received by the dealer, or on the date termination actually occurs. We concluded that under the *Barry* rule, the cause of action accrued for purposes of the statute of limitations when the written notice was received. *Id.* at 63. We stated that "[w]hen a grantor violates the provisions of the WFDL, the dealer is given a claim capable of present enforcement, a suable party in the grantor, and a present right to enforce that claim." *Id.* at 57.

In *Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 420, 388 N.W.2d 140 (1986) we further explained the *Barry* rule as relied upon in *Hansen.* Borello suffered from "metal fume fever" due to a defective furnace. A few weeks after the furnace was installed, Borello complained of a

bad odor from the furnace. Shortly thereafter Borello wrote a letter to the company that installed the furnace stating that her previous furnace problems were aggravated, not alleviated, and that "'[m]y nose burns, makes me dizzy, headaches are bad and now my chest hurts. It seems there is a lack of oxygen and I keep opening the windows.'" *Borello,* 130 Wis. 2d at 400. This court was confronted with the argument that Borello had discovered her injury at the time of the letter, thus putting the statute of limitations in motion and eventually barring her claim filed over three years later. In holding that Borello's discovery of the injury was not itself sufficient to toll the statute of limitations, we stated that the discovery rule required not only the discovery of the injury, but also the "cause" of the injury. *Id.* at 411.

Significantly, we indicated in *Borello* that under the *Barry* standards the identity of the tortfeasor is a critical element of an enforceable claim:

> Thus, this court has, over a period of years, developed a more acute appreciation of the plight of a plaintiff who is perhaps injured but whose cause of action is not complete in the sense of there being a potential for a truly enforceable claim under the standards of *Barry.* The statute should not commence to run until the plaintiff with due diligence knows to a reasonable probability of injury, its nature, its cause, *and the identity of the allegedly responsible defendant.* Justice Callow's analysis of the *Barry* rule in *Hansen* does not discard that rule. Rather, it elaborates upon *Barry.* ... (Emphasis added.) *Id.* at 420.

Despite the apparent unambiguous nature of this language, Dean insists that no Wisconsin case has

dealt with the question of what effect a plaintiff's lack of knowledge concerning the identity of the defendant has on the statute of limitations. Rather, he argues that because the cases dealt with the question of when the plaintiff discovered the injury, the court's comments regarding identity of the defendant are mere dicta.

The public policy justifying the accrual of a cause of action upon the discovery of the injury and its cause applies equally to the discovery of the identity of the defendant in this case. We have consistently recognized the injustice of commencing the statute of limitations before a claimant is aware of all the elements of an enforceable claim. *See Borello* 130 Wis. 2d at 408 (quoting *Hansen* at 556.) A statute of limitations barring relief to victims before the defendant is, or could be, discovered violates this guarantee of fairness. We therefore conclude that Spitler's cause of action did not accrue until Spitler knew the identity of the defendant, or in the exercise of reasonable diligence, should have discovered the identity of the defendant.

This conclusion is in keeping with the equitable principle underlying the statute of limitations, which is to allow plaintiffs their day in court, but also to protect defendants from having to deal with claims which defense against may be seriously impaired by stale or lost evidence. The issue presents a question of balancing the plaintiff's right to seek redress against the duration of the defendant's exposure to liability and the possible prejudices due to delay. Both are concerns of justice. Here, the balance remains in the plaintiff's favor.

636

We are unpersuaded that the "fictitious name" statute, sec. 807.12, Stats., cited below,[2] sufficiently ameliorates the balance. Section 807.12(1) provides that when the name of a party defendant is unknown to the plaintiff at the time of filing, the plaintiff may designate the defendant by a fictitious name. When the plaintiff learns the defendant's identity, it may amend its pleadings to insert the proper designation. Section 807.12(2). However, the effect of sec. 807.12 is to merely provide an additional 60 days in which to learn the identity of the defendant. *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981). The statute therefore does not weaken the public policy favoring the adoption of the discovery rule in this case. *See Hansen*, 113 Wis. 2d at 558.

■

Accordingly, we affirm the court of appeals to the extent that it held a tort claim accrues only when the

[2]**807.12 Suing by fictitious name or as unknown; partners' names unknown. (1)** When the name or a part of the name of any defendant, or when any proper party defendant to an action to establish or enforce, redeem from or discharge a lien or claim to property is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name, or as an unknown heir, representative, owner or person as the case may require, adding such description as may reasonably indicate the person intended. But no person whose title to or interest in land appears of record or who is in actual occupancy of land shall be proceeded against as an unknown owner.

(2) When the name of such defendant is ascertained the process, pleadings and all proceedings may be amended by an order directing the insertion of the true name instead of the designation employed.

(3) In an action against a partnership, if the names of the partners are unknown to the plaintiff, all proceedings may be in the partnership name until the names of the partners are ascertained, whereupon the process, pleadings and all proceedings shall be amended by order directing the insertion of such names.

identity of the defendant is discovered. However, the rule is settled in this state that the expansion of the discovery rule carries with it the requirement that the plaintiff exercise reasonable diligence, which means such diligence as the great majority of persons would use in the same or similar circumstances. *See Hilker v. Western Automobile Ins. Co.,* 204 Wis. 1, 15, 231 N.W. 257, 235 N.W. 413 (1931) (opinion on reconsideration). Plaintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars which may be inferred to be within their reach. *See Kanack v. Kremski,* 96 Wis. 2d 426, 432, 291 N.W.2d 864 (1980).

The issue of reasonable diligence is ordinarily one of fact. *Cf. Borello,* 130 Wis. 2d at 404. The trial court rejected the application of the discovery rule to the facts of this case, and thus the question of diligence is yet unresolved. The case must therefore be remanded to the trial court for a factual determination whether Spitler exercised reasonable diligence in attempting to discover the identity of the defendant.

*By the Court.*—The decision of the court of appeals is modified, and as modified, affirmed. This case is remanded for further proceedings.